IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**LEROY BERNARD**, *Individually,*
*and on behalf of himself and other similarly*
*situated current and former employees*,

    Plaintiff,

v.

**QUALITY LIAISON SERVICES OF**
**NORTH AMERICA, INC.,**
*a Tennessee Corporation,*

    Defendant.

NO. _____

**FLSA Opt-In Collective Action**
**JURY DEMANDED**

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiff, Leroy Bernard ("Plaintiff"), individually, and on behalf of himself and all other similarly situated hourly-paid employees, brings this Fair Labor Standards Act ("FLSA") collective action against Quality Liaison Services of North America, Inc. ("Defendant" or "QLS") and shows as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and collective members as defined herein.

2. Defendant violated the FLSA by failing to pay Plaintiff and collective members for all hours worked over forty (40) per week within weekly pay periods at one and one-half their regular hourly rate of pay, as required by the FLSA.

1

## II. PARTIES

3. Defendant Quality Liaison Services of North America, Inc. is a Tennessee Corporation, with its principal address located at 100 Bluegrass Commons Blvd., Hendersonville, Tennessee 37075. According to the Tennessee Secretary of State, it may be served via its Registered Agent Jeff Glowacki at 131 Saundersville Road, STE 150, Hendersonville, Tennessee 37075.

4. Plaintiff Leroy Bernard was employed by Defendant as an hourly-paid employee at all times material to this collective action. Mr. Bernard's Consent to Join form is attached as *Exhibit A*.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant is headquartered in this district and it has done business in this district during all times material to this action.

## IV. CLASS DESCRIPTION

7. Plaintiff brings this action on behalf of himself and the following similarly situated persons as a class:

> All hourly-paid employees who worked for Defendant for at least one (1) week during the three (3) years proceeding the filing of this Complaint, up to and including the present. (Collectively, "the class").

## V. COVERAGE

8. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times material to this action, Plaintiff and collective members were engaged in commerce during all times material to this collective action.

12. At all times material to this action, Defendant has been the "employer" of Plaintiff and collective members, as that term is defined by §203(d) of the FLSA.

13. At all times hereinafter mentioned, Plaintiff and collective members have been "employees" of Defendant as that term is defined in the FLSA and individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

## VI.     FACTUAL ALLEGATIONS

14. Defendant QLS provides responsive personnel who provide quality control services for suppliers in original equipment manufacturer ("OEM") plants across the United States.

15. At all times material Defendant had oversight in the implementation and administration of the compensation plan, policy and practice applicable to Plaintiff and collective members

3

Case 3:22-cv-00015    Document 1    Filed 01/11/22    Page 3 of 9 PageID #: 3

who were employed by Defendant across the United States.

16. Accordingly, Defendant established and administered the pay practices of Plaintiff and similarly situated hourly-paid employees during the three years preceding the filing of this collective action.

17. Plaintiff and collective members worked for Defendant in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

18. At all times material, Defendant has had a time keeping system for the purpose of recording the hours worked by Plaintiff and collective members, which system involved a "clocking-in" and "clocking-out" process as well as an "editing-in" and "editing-out" feature.

19. At all times material, Defendant has had a common plan, policy and practice of automatically "editing-out/deducting" a one (1) hour meal period during each work shift of Plaintiff and other similarly situated hourly-paid employees, regardless of whether they were fully relieved and/or, performed job duties, during such "edited-out/deducted" one (1) hour meal periods.

20. Plaintiff and collective members in fact performed compensable actions for Defendant during these automatically deducted meal break periods, but were not paid for this time.

21. Nonetheless, Defendant failed to "edit-in" Plaintiffs and similarly situated hourly-paid employees uncompensated one (1) hour meal times into its time keeping system or, otherwise compensate them for such unpaid meal times, when they were not fully relieved of their job duties and/or, performed job duties, during such unpaid meal break times.

22. The unpaid "edited-out/deducted" meal period claims of Plaintiff and collective members are unified by a common theory of Defendant's FLSA violations.

23. Defendant's common plan, de facto policy, and actual practice of not compensating Plaintiff and those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

24. Defendant's actions were willful and with reckless disregard to the FLSA overtime compensation requirements.

25. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and class members in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this case as a collective action on behalf of himself and collective members pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

27. Plaintiff and collective members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

28. This action is properly maintained as a collective action because Plaintiff and collective members are similarly situated with respect to Defendant's time keeping, pay practices and compensation plans, policies and practices.

29. Plaintiff and collective members are similarly situated because their unpaid "edited-out/deducted" meal period claims are unified by a common theory of Defendant's FLSA violations.

30. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

31. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of the class, i.e., to pursue their aforementioned unpaid overtime compensation claims.

32. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

33. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damages to Plaintiff and the collective class.

34. Plaintiff requests this Court to authorize notice to collective members to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

35. Plaintiff estimates there are several hundred putative members of the collective class. The precise number of class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

36. Plaintiff and class members' unpaid overtime compensation claims may be determined

6

Case 3:22-cv-00015   Document 1   Filed 01/11/22   Page 6 of 9 PageID #: 6

partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

37. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

38. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

39. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

40. Through its actions, plans, de facto policies, and actual practices Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and collective members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint.

41. Defendant's actions were willful with reckless disregard to clearly applicable FLSA provisions.

42. Defendant's actions were not in good faith.

43. The unpaid overtime claims of Plaintiff and collective members are unified by a common theory of Defendant's FLSA violations.

44. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

45. Therefore, Defendant is liable to Plaintiff and collective members for actual damages,

liquidated damages and equitable relief, as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members all unpaid overtime compensation against Defendant;

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and collective members liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the collective members reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and class members may be entitled; and

k) Provide further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: January 11, 2022.                    Respectfully Submitted,

*s/ J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***