# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

**LEROY BERNARD**, *Individually,*
*and on behalf of himself and other similarly*
*situated current and former employees*,

      Plaintiff,

v.                                                                  **No. 3:22-cv-00015**

**QUALITY LIAISON SERVICES OF**                  **FLSA Opt-In Collective Action**
**NORTH AMERICA, INC.,**                              **JURY DEMANDED**
*a Tennessee Corporation,*

      Defendant.

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM IN SUPPORT

Comes now the Plaintiff, Leroy Bernard, by and through counsel, and respectfully moves this Court for leave to file his proposed Amended Complaint (attached hereto as *Exhibit A*). The proposed amendment adds Defendant QLS Unlimited, Inc. as a defendant. As established below, Plaintiff has shown good cause to amend.

### STATEMENT OF FACTS AND SUMMARY OF PROCEEDINGS

Plaintiff's counsel has recently learned that Defendant Quality Liaison Services of North America, Inc. operated jointly with corporate entity QLS Unlimited, Inc. Thus, Plaintiff seeks to amend his Complaint to allege these two entities operated as his joint employers.

### ARGUMENT

"Courts should 'freely give leave [to amend the pleadings] when justice so requires.'" *Sam Carey Lumber Co. v. Hogan Architectural Wood Prods., LLC*, No. 2:19-cv-02646-TLP-cgc, 2019 U.S. Dist. LEXIS 219086, at *2 (W.D. Tenn. Dec. 20, 2019) (citing Fed. R. Civ. P.

1

15(a)(2); *see also Armstrong v. Whirlpool Corp.*, No. 3:03–cv–01250, 2010 WL 3938367, at \*4 (M.D. Tenn. Oct. 5, 2010) ("Leave to amend is to be 'freely' granted, absent a showing that, in fairness, the movant should not be allowed to amend." The United States Supreme Court has held that leave to amend should be granted

> "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'".

*Hogan Architectural Wood Prods., LLC*, 2019 U.S. Dist. LEXIS 219086 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)

Here, Plaintiff has not unduly delayed or acted with dilatory motive or bad faith in pursuing this requested amendment; nor has Plaintiff repeatedly failed to cure deficiencies by amendments previously allowed as this is his first request for such relief. For these reasons and because a scheduling order has yet to be entered, leave should be "freely granted." Additionally, Plaintiff's proposed amendment is not futile as the it would clearly survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Adams v. Diversicare Leasing Corp.*, No. 14-2990, 2015 U.S. Dist. LEXIS 89732, at \*4 (W.D. Tenn. July 10, 2015); *see Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) ("Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss.") (citing *Neighborhood Dev. Corp. v. Advisory Council on Historical Pres.*, 632 F.2d 21, 23 (6th Cir. 1980))

Finally, Defendant will not be prejudiced by Plaintiff's requested amendment as Defendant has not yet retained counsel in this matter and a representative of Defendant Quality Liaison Services of North America, Inc. was the one that informed Plaintiff that QLS Unlimited, Inc. was a necessary party to this matter.

2

In light of Plaintiff's efforts to timely correct his Complaint and Defendant's lack of prejudice from such amendment, this Honorable Court should grant Plaintiff's Motion for Leave to File Amended Complaint pursuant to Fed. R. Civ. P. 15.

## CONCLUSION

Therefore, for the reasons stated herein, Plaintiff respectfully requests that this Honorable Court grant his Motion for Leave to File Amended Complaint.

Dated: March 30, 2022.                    Respectfully Submitted,

*/s/ Robert E. Turner, IV*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
gjackson@jsyc.com
rbryant@jsyc.com
rturner@jsyc.com
rmorelli@jsyc.com

*Attorneys for the Named Plaintiff*

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Leave was filed electronically on this the 30th day of March, 2021. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system, including the registered agent for Quality Liaison Services of North America, Inc.: Jeff Glowacki at 131 Saundersville Road, STE 150, Hendersonville, Tennessee 37075.

*/s/ Robert E. Turner, IV*